UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRISCILLA SALZBERG,<br><br>                Plaintiff,<br><br>     v.<br><br>CITY OF NEW YORK,<br><br>                Defendant. | ECF/CM Case<br><br>**Case No. 17-CV-2361**<br><br>**COMPLAINT**<br><br>**Jury Trial** |

## NATURE OF THE ACTION AND THE PARTIES

1.      This is an action for redress unlawful employment practices under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Rehabilitation Act"), the New York State Human Rights Law, N.Y. Exec. L. §290 et seq. ("SHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §8 -101 et seq. ("CHRL").

2.      The plaintiff, Priscilla Salzberg ("Salzberg") brings this action against her former employer, the City of New York, for unlawfully terminating her employment on or about July 13, 2015. Salzberg was employed as an administrative assistant Department of Sanitation, a mayoral agency of the City of New York, hereinafter, "Defendant" or "DSNY." Salzberg is a person living the disabilities of epilepsy and an anxiety disorder, all of which are control through medical treatment and medication. Salzberg was able to perform the essential functions of her position with or without a reasonable accommodation for her disabilities.

## JURISDICTION AND VENUE

3. This court has jurisdiction over Salzburg's claims because she seeks equitable remedies and the amount in controversy exceeds the monetary jurisdictional for this court. The court also has jurisdiction over DSNY under the Rehabilitation Act because at all relevant time DSNY was the recipient of federal funds for programs and activities.

4. Venue is proper because all relevant acts giving rise to the causes of action in this complaint occurred within the geographic boundaries of the Eastern District Court covering Queens County, New York.

## FACTUAL ALLEGATIONS

5. Salzberg commenced her employment with DSNY on or about June 2, 2014, and soon thereafter, her encounter with unlawful workplace discrimination began.

6. There were many instances of hostility directed at Salzberg through the acts of the following employees and supervisors: Frank Abbriano (a supervisor), Peter Raso, Richard Baker, and Sal Brucculeri.

7. The DSNY employees mentioned in paragraph 6 would from time to time commit acts such as blocking Salzberg's ability to exit her office area through an exit that not put her in close proximity to these individuals. The acts of blocking her alternative exit –locking the door- would leave her with no alternative but to exit the office and therefore put in an extremely close physical proximity to the individuals mentioned in paragraph 6 to such an extent that she feared for her physical safety.

8. Salzberg filed numerous complaints with her supervisors and with the DSNY's internal Equal Opportunity Office ("EEO"), a unit charged with resolving workplace and complaints of unlawful discrimination, to no avail.

9. Rather than addressing Salzberg's complaints, DSNY through its supervisors and managers referred Salzberg for at least three medical and psychological evaluations commencing on or about November 21, 2014. While being examined by the DSNY medical staff, Salzberg disclosed that she has epilepsy and an anxiety disorder - all of which can have an adverse effective on her daily living- however, her disabling conditions are under control with her medication and medical treatment; nonetheless, DSNY declared Salzberg medically and/or psychologically unfit for duty.

10. The result of the information referenced in paragraph 9 was subject disclosure and discovery by her supervisors and managers and such information was relayed to the employees mentioned in paragraph 6 of this complaint. With the information about Salzberg's disability or perceived disability, the persons mentioned in paragraph 6 with the assistance of other employees and supervisors engaged in a pattern and practice of unlawful acts designed to remove Salzberg from her position because of her disability or perceived disability.

11. The disclosure of Salzberg's medical condition to the employee mentioned in paragraph 6 caused her unwanted attention and it was used to further the goals of the employees mentioned in paragraph 6 to create a hostile working environment and otherwise unlawfully discriminate against Salzberg because of her disability or perceived disability.

12. Nonetheless, Salzberg returned to work and although she transferred to another building on the DSNY campus to avoid physical interaction with the mentioned employees they continued to stalk and other wise make her working environment objectively intolerable by engaging in petty arguments that would raise to a more serious level, such as, comment about her not wearing a brassiere like a normal woman.

13. After baiting Salzberg as mentioned in paragraphs 7 through 12, the employees mentioned above in paragraph 6 would generate false complaints that would result in what can be best described as being convicted in a *kangaroo court*; meaning, a pre-determined outcome by the reputation of the defendant based on and unfair hearing.

14. Despite Salzberg's efforts to keep her employment, on or about March 16, 2015, she was terminated under a pretext of not meeting her employer's expectations and insubordination

15. As a follow up to the unlawful workplace discrimination, DSNY challenged Salzberg's right to unemployment benefits with the offering of testimony about her EEO complaint as a rebuttal to her claim that she was terminated for events giving rise to her claim that she was terminated because of her disability or perceived disability. DSNY's defense was reject by the hearing officer as it was not brought is good-faith but for retaliatory reasons.

## COUNT I
### *Rehabilitation Act – Disability Discrimination*

16. Salzberg repeats and realleges every allegation in paragraphs 1 through 15 of this complaint with the same force and effect as though fully set forth herein.

17. At all relevant times, DSNY was an "employer" and Salzberg was an "employee" of DSNY within the meaning of the Rehabilitation Act.

18. DSNY's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of a Salzberg's disability or perceived disability in violation of the Rehabilitation Act.

19. As a result DSNY's unlawful conduct, Salzberg has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

## COUNT II
### *Rehabilitation Act – Hostile Work Environment*

20. Salzberg repeats and realleges every allegation in paragraphs 1 through 19 of this complaint with the same force and effect as though fully set forth herein.

21. At all relevant times, DSNY was an "employer" and Salzberg was an "employee" of the within the meaning of the Rehabilitation Act.

22. DSNY's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis inflicting an adverse employment action against Salzberg because she complained of workplace discrimination as outlawed under the Rehabilitation Act.

23. DSNY's conduct, as alleged herein, was carried out with malice or reckless disregard for Salzberg's right to be free from discrimination outlawed under the Rehabilitation Act.

24. As a result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, back-pay, reinstatement or front-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

25. As a further result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

26. As a result of DSNY's unlawful conduct, Salzberg is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from DSNY pursuant to the Rehabilitation Act.

## COUNT III
### *Rehabilitation Act - Retaliation For Complaining About Unlawful Workplace Discrimination*

27. Salzberg repeats and realleges every allegation in paragraphs 1 through 26 of this complaint with the same force and effect as though fully set forth herein.

28. At all relevant times, DSNY was an "employer" and Salzberg was an "employee" of the within the meaning of the Rehabilitation Act.

29. DSNY's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis inflicting an adverse employment

6

action against Salzberg because she complained of workplace discrimination outlawed under the Rehabilitation Act.

30. DSNY's conduct, as alleged herein, was carried out with malice or reckless disregard for Salzberg's right to be free from discrimination as outlawed under the Rehabilitation Act.

31. As a result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, back-pay, reinstatement or front-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

32. As a further result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

33. As a result of DSNY's unlawful conduct, Salzberg is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from DSNY pursuant to the Rehabilitation Act.

## COUNT IV
### *SHRL – Disability Discrimination*

34. Salzberg repeats and realleges every allegation in paragraphs 1 through 33 of this complaint with the same force and effect as though fully set forth herein.

35. At all relevant times, DSNY was an "employer" and Salzberg was an "employee" of DSNY within the meaning of the State Human Rights Law.

7

36. DSNY's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of a Salzberg's disability or perceived disability in violation of the State Human Rights Law.

37. As a result DSNY's unlawful conduct, Salzberg has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

## COUNT V
### *SHRL – Hostile Work Environment*

38. Salzberg repeats and realleges every allegation in paragraphs 1 through 37 of this complaint with the same force and effect as though fully set forth herein.

39. At all relevant times, DSNY was an "employer" and Salzberg was an "employee" of the within the meaning of the SHRL.

40. DSNY's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis inflicting an adverse employment action against Salzberg because she complained of workplace discrimination as outlawed under the SHRL.

41. DSNY's conduct, as alleged herein, was carried out with malice or reckless disregard for Salzberg's right to be free from discrimination outlawed under the SHRL.

42. As a result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer injury, with resulting monetary and other damages, including without

limitation lost wages, back-pay, reinstatement or front-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

43. As a further result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

44. As a result of DSNY's unlawful conduct, Salzberg is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from DSNY pursuant to the SHRL.

## COUNT VI
### *SHRL - Retaliation For Complaining About Unlawful Workplace Discrimination*

45. Salzberg repeats and realleges every allegation in paragraphs 1 through 44 of this complaint with the same force and effect as though fully set forth herein.

46. At all relevant times, DSNY was an "employer" and Salzberg was an "employee" of the within the meaning of the SHRL.

47. DSNY's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis inflicting an adverse employment action against Salzberg because she complained of workplace discrimination outlawed under the SHRL.

48. DSNY's conduct, as alleged herein, was carried out with malice or reckless disregard for Salzberg's right to be free from discrimination as outlawed under the SHRL.

9

49. As a result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, back-pay, reinstatement or front-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

50. As a further result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

51. As a result of DSNY's unlawful conduct, Salzberg is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from DSNY pursuant to the SHRL.

## COUNT VII
### *CHRL – Disability Discrimination*

52. Salzberg repeats and realleges every allegation in paragraphs 1 through 51 of this complaint with the same force and effect as though fully set forth herein.

53. At all relevant times, DSNY was an "employer" and Salzberg was an "employee" within the meaning of the CHRL.

54. DSNY's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of a Salzburg's disability or perceived disability all in violation of the CHRL.

55. As a result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish,

10

emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

## COUNT VIII
### *SHRL – Hostile Work Environment*

56. Salzberg repeats and realleges every allegation in paragraphs 1 through 55 of this complaint with the same force and effect as though fully set forth herein.

57. At all relevant times, DSNY was an "employer" and Salzberg was an "employee" of the within the meaning of the SHRL.

58. DSNY's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis inflicting an adverse employment action against Salzberg because she complained of workplace discrimination outlawed under Title VII.

59. DSNY's conduct, as alleged herein, was carried out with malice or reckless disregard for Salzburg's right to be free from discrimination outlawed under the CHRL.

60. As a result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, back-pay, reinstatement or front-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

61. As a further result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer, among other items, impairment and damage to her good name and

11

reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

62. As a result of DSNY's unlawful conduct, Salzberg is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from DSNY pursuant to the CHRL.

## **COUNT IX**
### *CHRL - Retaliation For Complaining About Unlawful Workplace Discrimination*

63. Salzberg repeats and realleges every allegation in paragraphs 1 through 62 of this complaint with the same force and effect as though fully set forth herein.

64. At all relevant times, DSNY was an "employer" and Salzberg was an "employee" of the within the meaning of the CHRL.

65. DSNY's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis inflicting an adverse employment action against Salzberg because she complained of workplace discrimination outlawed under the CHRL.

66. DSNY's conduct, as alleged herein, was carried out with malice or reckless disregard for Salzberg's right to be free from discrimination outlawed under the CHRL.

67. As a result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, back-pay, reinstatement or front-pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

68. As a further result of DSNY's unlawful conduct, Salzberg has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

69. As a result of DSNY's unlawful conduct, Salzberg is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from DSNY pursuant to the CHRL.

## **PRAYER FOR RELIEF COMMON TO ALL COUNTS**

WHEREFORE, Salzberg requests judgment as follows and to grant further relief as may be necessary and proper:

(1) enter a judgment declaring the acts and/or practices of DSNY to be in violation of the above described laws against discrimination;

(2) award Salzberg as against DSNY, lost wages, including without limitation back-pay, reinstatement or front-pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of DSNY's unlawful acts of discrimination in accordance with the above described laws against discrimination;

(3) award Salzberg as against DSNY, back-pay, front-pay, compensatory damages for among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the above described laws against discrimination; and

(4) award Salzberg as against DSNY, the cost of this action, together with attorneys' fees and costs in accordance with the above described laws against discrimination.

## JURY DEMAND

Salzberg demands a jury trial for all issues triable by jury.

Respectfully submitted,

April 20, 2017
New York, New York

LAW OFFICE OF
LOCKSLEY O. WADE, LLC
11 Broadway, Suite 615
New York, NY 10004
(212) 933-9180
(212) 933-9181 - Fax
*Attorney for Plaintiff*

By: /s/ *Locksley O. Wade*
Locksley O. Wade, Esq.