1

```
1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2
    - - - - - - - - - - - - - - - -X
3   PRISCILLA SALZBERG,           : 17-CV-2361 (BMC)
                                  :
4           Plaintiff,            :
                                  :
5        -against-               : United States Courthouse
                                  : Brooklyn, New York
6   CITY OF NEW YORK,             :
                                  : Friday, June 16, 2017
7           Defendant.            : 4:30 p.m.
    - - - - - - - - - - - - - - - -X
8

9

10       TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
               BEFORE THE HONORABLE BRIAN M. COGAN
11                UNITED STATES DISTRICT JUDGE

12

13
                      A P P E A R A N C E S:
14

15  For the Plaintiff:      LAW OFFICE OF LOCKSLEY O. WADE
                            11 Broadway
16                          Suite 615
                            New York, New York 10004
17                          BY:  LOCKSLEY O. WADE, ESQ.

18

19  For the Defendant:      NEW YORK CITY LAW DEPARTMENT
                            100 Church St
20                          Room 2-109(a)
                            New York, New York 10007
21                          BY:  SHIRLEY WENWEI BI, ESQ.

22

23  COURT REPORTER:     DAVID R. ROY, RPR
                        225 CADMAN PLAZA EAST / BROOKLYN, NY 11201
24                      DRROYOFCR@GMAIL.COM

25  PROCEEDINGS RECORDED BY STENOGRAPHIC MACHINE SHORTHAND,
    TRANSCRIPT PRODUCED BY COMPUTER-ASSISTED TRANSCRIPTION.
```

```
                         Proceedings                        2

 1             (In open court.)

 2             THE COURTROOM DEPUTY:  All rise.

 3             THE COURT:  Good afternoon.  Have a seat, please.

 4             THE COURTROOM DEPUTY:  Salzberg versus City of

 5    New York, Docket Number 17-CV-2361.

 6             Counsel, please state your name for the record.

 7             MR. WADE:  Locksley Wade for the Plaintiff

 8    Priscilla Salzberg.

 9             MS. BI:  Shirley Bi, Assistant Corporation Counsel

10    for Defendant City of New York.

11             THE COURT:  Okay.  Mr. Wade, what is with not

12    consenting to an initial extension to answer from your

13    adversary; what is with that?

14             MR. WADE:  I believe it was a ruse, and I don't

15    believe that was done in good faith.

16             THE COURT:  It is an initial extension.

17             MR. WADE:  I understand, Your Honor.

18             THE COURT:  I mean, I can guarantee you, sometime in

19    this case you are going to want an extension.

20             MR. WADE:  I'm fully aware of that, Your Honor.  But

21    this case is an exception.

22             THE COURT:  Okay.

23             MR. WADE:  I mean, I -- I normally would grant it,

24    but this is an exception.

25             THE COURT:  Okay.
```

Proceedings                                              3

1        The discovery plan you have is fine.  Obviously, I

2   am keeping an open mind on the motion until I get the

3   opposition.

4        It is kind of thinly pled, don't you think,

5   Mr. Wade?  I mean, it is -- particularly in a statute where it

6   has got to be the sole motivating factor was her disability,

7   the sole factor, you kind of admitted in the complaint that

8   she had some performance problems.

9        MR. WADE:  Well, case law in this circuit shows that

10  solely is not the necessary plea.  It doesn't have to be read

11  that originally.  As a matter of fact, recently, Judge Spatt,

12  ruled on something like this where the State of New York

13  wanted to use the word "solely," and that he looked throughout

14  the amendments -- or rather he looked at Section D of the

15  rehabilitation act, which refers you to the amendments.

16  Throughout the act it goes solely, because, by reason of.

17  It's all over.  So solely is not the pleaded standard as the

18  sole -- I mean, you don't have to use those magic words to

19  say --

20       THE COURT:  No, I agree.  You do not have to use the

21  magic words.  I think that is clear.

22       I just wonder if the facts you have pled are

23  consistent with a determination or a conclusion that the

24  wrongs you are complaining about were due solely to her

25  condition.  But, you know, I will look at it.  I am happy to

```
                        Proceedings                    4
```

1   see whatever you submit to me.

2               MR. WADE:  All right.

3               THE COURT:  The discovery plan you have is fine.  I

4   have no problem with that.

5               Can I get your word of honor that we really mean it

6   and we are really going to stick to it?

7               MS. BI:  Well, Your Honor, before we agree on the

8   discovery plan, I'm asking the Court to stay discovery pending

9   the adjudication of the motion to dismiss.

10              THE COURT:  I am not going to do that.  But if I

11  find that, you know, it turns out to be a frivolous case, then

12  I will just sanction Plaintiff for attorney's fees, so your

13  work will not be for nothing.

14              But I -- you know, the motion is not such a slam

15  dunk that I am going to say, No way is there a claim here; and

16  therefore, I am going to stay discovery.  I would if I felt

17  that, but I don't.

18              So I want it understood, the December 14th date,

19  that is a real date, right?

20              MR. WADE:  Yes, Your Honor.

21              MS. BI:  Yes, Your Honor.

22              THE COURT:  All right.

23              MR. WADE:  Oh, one question, Your Honor.

24              THE COURT:  Sure.

25              MR. WADE:  Since you announced that you're not going

```
                        Proceedings                    5
```

1   to stay the case, would I have to address that in my motion?

2           THE COURT:  No.

3           MR. WADE:  My response to her --

4           THE COURT:  No, no.

5           She has not filed a motion to stay the case.  She

6   suggested to me that she might want to or maybe she asked me

7   now if I would -- I think it was the latter -- and I said, No,

8   I will not, so we are not.

9           MR. WADE:  Well, actually, in her letter to the

10  Court asking for a premotion conference at the last paragraph,

11  she did ask for a stay.

12          THE COURT:  Right.  But I am not.  I am not.  It is

13  a simple case.  There are only a few people involved for the

14  employer and, you know, a few depositions and this case is

15  done.  So I think the September 14th date is realistic.  You

16  ought to be able to achieve it.  Let's try to achieve it.  And

17  if I keep the case -- you know, like I said, I am keeping an

18  open-mind on the motion -- but if the case stays, let's finish

19  it by September 14th.

20          MS. BI:  Understood, Your Honor.

21          MR. WADE:  I understand.  Thank you, Your Honor.

22          THE COURT:  And I have lot of time, so plan on it

23  going to trial.  And if not, dispose of it by motion in the

24  early fall, okay?

25          MR. WADE:  Okay.

6

1          THE COURT:  Okay.  Thank you for coming in.  Please

2    try to get along, okay?

3          MS. BI:  Thank you.

4          THE COURT:  It is just a case.

5          MR. WADE:  I will, Your Honor.

6          MS. BI:  Thank you.

7          THE COURT:  All right.  Thank you.

8          (Matter concluded.)

9                         --oo0oo--

10

11

12

13

14

15    I (we) certify that the foregoing is a correct transcript
      from the record of proceedings in the above-entitled matter.
16
          /s/ David R. Roy            14th Day of July, 2017
17        DAVID R. ROY                      Date

18

19

20

21

22

23

24

25

*David R. Roy, RPR  -  Official Court Reporter*