

| | | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | The City of New York<br>**Law Department**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | SHIRLEY W. BI<br>Assistant Corporation Counsel<br>Labor & Employment Law Division<br>Phone: (212) 356-2464<br>Email: sbi@law.nyc.gov |

September 11, 2017

**BY ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                        Re:    Salzberg v. City of New York
                              17 Civ. 2361 (BMC)
                              Our No. 2017-018030

Dear Judge Cogan:

        I am the Assistant Corporation Counsel assigned to defend the above-referenced Rehabilitation Act case. Defendant submits this letter in opposition to plaintiff's motion to reconsider the Court's order dismissing the Amended Complaint in this case. See Plaintiff's Memorandum of Law In Support of Her Motion to Alter or Amend a Judgment, filed on August 29, 2017, Dkt. No. 22 ("Pl. Mem."); order, dated July 31, 2017, Dkt. No. 20, 2017 U.S. Dist. LEXIS 119780 ("Decision").

        At the outset, plaintiff's motion is procedurally defective because it lacks a notice of motion specifying the applicable rules or statute upon which the motion is based. See Local Civ. R. 7.1.[1] Defendant is unsure of the basis for the motion other than plaintiff's subjective belief that the Decision is incorrect.

**A.**    **Plaintiff's Motion is Time-Barred**

        Plaintiff cites to Rules 59(e) and 60(b). Rule 59(e) permits a Court to alter or amend a judgment, provided that the motion is made within 28 days of the entry of judgment.

---

[1] Plaintiff also erroneously cited to Rule 59(b)(1) in support of her memorandum. See Pl. Mem., at 1. Further, it is unclear whether plaintiff is in fact formally seeking leave to amend the complaint although the third amended complaint ("TAC") is attached. The motion seems to be a motion for reconsideration made beyond the 14-day time limit set forth in the Local Rules for the Eastern District of New York. See Local Civil Rule 6.3.

**HONORABLE BRIAN M. COGAN**
United States District Judge
Salzberg v. City of New York,
17 Civ. 2361 (BMC)
September 11, 2017
Page 2

Rule 6(b)(2) prohibits any extension of the time limits of Rule 59(e). Here, while judgment was entered on July 31, 2017, the instant motion was made on August 29, 2017, the day after the 28-day period had expired. See Pl. Mem., Dkt. No. 22. Thus, to the extent plaintiff makes a Rule 59(e) motion it is untimely. Furthermore, a motion for reconsideration under Local Rule 6.3 must be made within 14 days after the entry of the order. Thus, the instant motion, when viewed as a motion for reconsideration under Local Rule 6.3, is also untimely.

As an apparent attempt to evade the time limitations on Rule 59(e) and Local Rule 6.3, plaintiff has attempted to squeeze her motion into one of the six categories of Rule 60(b). This attempt must be rejected, as illustrated below.

**B.    Rule 60(b)(1)**

Plaintiff relies principally on Rule 60(b)(1), "excusable neglect." Excusable neglect is not a "catch all" for regret at not having interposed an alternative argument. Rather, it is governed by the four-factor Pioneer test. See Silivanch v. Celebrity Cruises, 333 F.3d 355, 365-66 (2d Cir. 2003) (citing Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993)). The Pioneer test asks, among other things, if the alleged delay was in the hands of the movant. Id. Here, plaintiff has not met her burden by presenting any "highly convincing" evidence in favor of reconsideration. See id.; Williams v. N.Y.C. Dep't of Corr., 219 F.R.D. 78, 84 (S.D.N.Y. 2003). There has been no "excusable neglect" but rather a desire to pursue an entirely different argument based on the same insufficient facts. As noted below, the proposed Third Amended Complaint ("TAC")[2] is insufficient to state a claim and is therefore futile. See Exhibit "C," Dkt. No. 22.

Plaintiff's failure to timely file a motion is not a "mistake" or an "inadvertence and surprise." Williams, 219 F.R.D. at 84. On July 14, 2017, defendant turned over 325 pages of documents as a part of its Rule 26(a)(1)(A) Initial Disclosures. Until the Court issued its Decision on July 31, 2017, plaintiff had been in possession of the same discovery material for two weeks yet failed to seek leave to file a TAC.[3] Rather, plaintiff waited another 29 days before filing the instant untimely memorandum, all without providing any excuses or justifications. See Pl. Mem., at 3-4. Neither plaintiff's delay nor her failure to request an extension of time, particularly all within her reasonable control, constitutes an "excusable neglect" within the meaning of a Rule 60(b)(1) motion. See id. at 85; Silivanch, 333 F.3d at 366-67.

---

[2] It must be noted that following plaintiff's Complaint, Dkt. No. 1, and Amended Complaint, Dkt. No. 13, plaintiff's memorandum now refers to Exhibit "C," of Dkt. No. 22 as the proposed TAC even though the exhibit itself states otherwise. See Pl. Mem., at 3. For purposes of clarity and uniformity, defendant will also refer to Exhibit "C" as the TAC.

[3] Instead, plaintiff filed an opposition to defendant's motion to dismiss on July 21, 2017, without any indication of her intention to amend the complaint. See Pl. Opp., Dkt. No. 17.

**HONORABLE BRIAN M. COGAN**
United States District Judge
Salzberg v. City of New York,
17 Civ. 2361 (BMC)
September 11, 2017
Page 3

In the case at bar, plaintiff has simply retained another lawyer who is now trying to reframe the case but is incapable of providing any facts that make discrimination plausible. Such a change of lawyers is not ground for reconsideration or for relief from a judgment. See Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) ("[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment.") (citations omitted).

The proposed TAC fails to mention (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error" as required in a motion for reconsideration. Schwartz v. HSBC Bank U.S.A., N.A., 14 Civ. 9525 (KPF), 2017 U.S. Dist. LEXIS 94019, at *6 (S.D.N.Y., June 19, 2017) (citations omitted). Thus, plaintiff's motion for vacatur, reconsideration, and amendment must be rejected in its entirety.

**C.    A Third Amended Complaint Will Be Futile.**

Where, as is the case here, a party seeks leave to file an amended complaint after judgment is entered, the Court may deny leave if the proposed amendments remain insufficient to remedy the deficiencies in her claims. See Williams v. Citigroup Inc., 659 F.3d 208, 214 (2d Cir. 2011); Foman v. Davis, 371 U.S. 178 (1962). Even taken as true and in light most favorable to plaintiff, the proposed TAC fails to point to controlling decisions or data that the Court overlooked in the underlying motion which might reasonably be expected to alter the conclusion reached. See Gem Fin. Serv. V. City of N.Y., 13 Civ. 1686 (MKB), 2015 U.S. Dist. LEXIS 42803, at *7 (E.D.N.Y., Mar. 31, 2015). Indeed, the proposed TAC completely fails to consider the fatal defects delineated in the Decision. Thus, the proposed TAC is fatally defective and would not survive a Rule 12(b)(6) motion to dismiss.

Neither the memorandum nor the TAC points to a single new fact previously unalleged which would create a viable cause of action in this Rehabilitation Act case. The TAC now alleges that plaintiff faced "prejudicial treatment" at least 10 days before anyone at DSNY had knowledge of her impairments. TAC, ¶¶ 13-15. The nature of this "prejudicial treatment" and how it could possibly be related to her alleged disabilities goes unstated. Indeed, at least one of plaintiff's Equal Employment Opportunity ("EEO") complaints concerned gender, not disability, discrimination. The TAC alleges that plaintiff's work environment induced an epileptic state in plaintiff, although fact allegations showing any plausible line of causation are entirely absent. See id., ¶¶ 15, 29; cf. 29 U.S.C. § 794 (prohibiting adverse employment action "solely by reason of her[] disability"). The TAC alleges, for example, that a month after plaintiff began her employment at DSNY, a supervisor intervened in an altercation between plaintiff, a probationary employee, and a tenured co-worker. TAC, ¶ 13. The supervisor wrote an unfavorable report of this incident. Id. There is, however, no allegation that the supervisor knew of plaintiff's alleged impairments or that his action in reporting the incident had any relationship whatsoever to plaintiff's alleged impairments.

**HONORABLE BRIAN M. COGAN**
United States District Judge
Salzberg v. City of New York,
17 Civ. 2361 (BMC)
September 11, 2017
Page 4

Further, the diverse professional opinions provided by all of plaintiff's treating doctors, alone, fails to causally link DSNY's decision to terminate plaintiff with any discriminatory "assumptions or attitudes regarding the abilities of persons with epilepsy as a class." Perry v. NYSARC, Inc., 424 Fed. Appx. 23, 26 (2d Cir. 2011); see also TAC, ¶¶ 22-28. There is no allegation of fact showing that any adverse treatment was caused by plaintiff's alleged disability, let alone "solely" because of that disability. Thus, there is no plausible claim for a violation of the Rehabilitation Act.

Instead, the TAC itself provides ample legitimate, nondiscriminatory reasons in support of plaintiff's termination. The admission that plaintiff faced a plethora of disciplinary complaints remains unchanged. Plaintiff now admits that she: (1) "did not get along well with others"; (2) "fail[ed] to provide documentation [for] her court appearance"; (3) was marked "AWOL"[4]; (4) argued with another colleague, and (5) argued with a supervisor. TAC, ¶¶ 13-14, 20-21; see also Krasner v. City of N.Y., 580 Fed. Appx. 1, 3 (2d Cir. 2014). These are ample grounds to terminate a probationary employee like plaintiff, and there are no facts showing that these grounds were a pretext for discrimination or retaliation. See Decision, at 5 (citing Bermudez v. City of New York, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011)).

Moreover, the TAC still fails to disclose whether plaintiff engaged in protected activity through her "numerous complaints" at DSNY's EEO office. That is, there is no showing that the complaints constituted protected activity or that these EEO complaints are causally linked to any adverse action. See TAC, ¶¶ 30, 33-35. The TAC also confirms that the "hostile" events, which occurred in a confined office too small for two people, amounted to no more than isolated incidents of interactions that plaintiff did not like. Id., ¶¶ 31-32. Nothing in the TAC changes the conclusions drawn by the Court, that plaintiff's allegations are possible but none are actionable under the Rehabilitation Act due to the statute's "solely" requirement. See Decision, at 5-6; see also Williams, 659 F.3d at 214. The Court permitted two complaints prior to ruling on the motion to dismiss and indicated at the Initial Conference the fatal defects apparent in the Complaint. Despite this, and despite the Decision, the proposed TAC remains fatally defective.

Accordingly, defendant respectfully requests that this Court deny plaintiff's motions to vacate the Decision and to file the proposed TAC. Defendants would be glad to provide further briefing if the Court would find such briefing useful.

---

[4] Plaintiff was marked "absent without leave" due to her refusal to submit documentation related to her August 6, 2014, criminal court appearance, rather than for her seizure and hospitalization as alleged. See TAC, ¶¶ 17-19. This again is insufficient to state a claim under the Rehabilitation Act. Further, as a matter of law, defendant's opposition to plaintiff's application for unemployment benefits cannot constitute an adverse action for purposes of a retaliation claim and the unemployment process is "immaterial" here. See Decision, at 5-6, n. 1.

**HONORABLE BRIAN M. COGAN**
United States District Judge
<u>Salzberg v. City of New York</u>,
17 Civ. 2361 (BMC)
September 11, 2017
Page 5

      Thank you for your consideration of this request.

                    Respectfully submitted,

                    _____/S/_____
                    Shirley Bi
                    Assistant Corporation Counsel

cc:    The Rambadadt Law Office
       (By ECF)