UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PRISCILLA SALZBERG,

                                         Plaintiff,

            -against-

                                                      No. 17 Civ 2361 (BMC)

CITY OF NEW YORK

                                         Defendants.

------------------------------------------------------------------------x


**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT
<u>OF HER MOTION TO ALTER/AMEND</u>**


                                                                         Robert Rambadadt (RR9959)
                                                                         20 W. 2oth Street—2nd Floor
                                                                          New York, New York 10011

Salzberg v. City of NY.

# PRELIMINARY STATEMENT

Defendants' memorandum of law in Opposition fails to rebut Plaintiff's claims that the judgment should be altered/amended pursuant to Rule 59(e) and 60(b). Further, Plaintiff's has stated a claim under the Rehabilitation Act in her Third Amended Complaint ('TAC') and established viable issues and acts of discrimination against plaintiff by defendants. Accordingly, defendants' assertions are without merit and their motion in opposition to Plaintiff's motion to amend/alter the judgment pursuant to rule 59(e) and 60(b) should be denied in its entirety[1].

# ARGUMENT

## POINT I

**PLAINTIFF SALZBERG HAS A DOCUMENTED HISTORY OF HARRASSMENT AND UNFAIR TREATMENT DURING HER EMPLOYMENT WITH THE DSNY AND HER MOTION SHOULD BE DEEMED TIMELY FILED**

**A.   Plaintiff has Viable Reason for Filing Her Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 59(e) Forty (40) minutes after Midnight**

Federal Rules of Civil Procedure 59(e) permits a motion to alter or amend the judgment to filed within 28 days from the date of the judgment of which relief is sought. Prior to the July 31st judgment dismissing this action, on July 27, 2017, plaintiff filed a Substitution of attorney document for the Court's signature. However, at the time of the July 31st judgment the Substitution of Counsel document had not been signed. On the docket sheet for this matter your affirmant is listed as the Lead Attorney, however, counsel Wade is listed as attorney 'To Be Noticed". (See, Docket Sheet annexed hereto). After the judgment was entered there was some

---

[1] For the sake of judicial economy Plaintiff incorporates the exhibits as stated in her Motion papers.

confusion and delay in determining which counsel bore the obligation of drafting the motion. Upon determination that your affirmant was the appropriate and proper counsel for the task further consultation with plaintiff and review of the discovery was required.

On August 28, 2017, your affirmant was in the process of completing and filing plaintiff's FRCP 59(e) and 60(b) motion when a technical error occurred with counsel's Adobe Acrobat program and the document could not be converted to the proper PDF format. Given the late hour there was no IT staff available to quickly resolve the problem. After several attempts to correct the issue your affirmant downloaded and used a temporary PDF program from a website. The program does not allow for correction once the PDF is generated, unlike the Adobe Acrobat program, which resulted in mislabeling of the complaint and the filing of the document beyond the 12:00am deadline[2]. Your affirmant's Adobe Acrobat program has since been reinstalled and is in proper working order. But for the technical difficulties plaintiff's FRCP 59(e) and 60(b) motion would have been filed prior to 12:00am.

As such, plaintiff should not be penalized for circumstances beyond her and her counsel's control and the motion should be deemed timely filed.

**B.** **Plaintiff has Established That Discriminatory Acts Were Committed Against Her by Defendants Because of Her Disability**

Plaintiff respectfully submits, that despite defendants' best efforts they have failed to negate the factual allegations in plaintiff's TAC which establishes that defendants committed discriminatory acts against plaintiff based upon her disability. There exists documentary evidence to support plaintiff's claim of discriminatory treatment and the creation of a hostile work environment that was not only made aware to her supervisors but was stoked by her supervisors and used against her as a basis for her termination.

---

[2] The document labeled as the "Third Amended Complaint" is actually the "Second Amended Complaint". The error was notice after the PDF was created, however, it would have taken longer to correct and increased the lateness of the filing.

The TAC clearly states factual allegations showing that adverse treatment was caused to plaintiff based "solely" on her disability and supports her claim for violations of the Rehabilitation Act.

The TAC also highlights the self-serving allegations that were made by plaintiff's supervisors to justify their discriminatory actions: 1) that she did not get along well with others; 2) that she "failed to provide documentation for her court appearance" and was marked AWOL; 3) that she argued with other colleagues; and 4) that she argued with her supervisor. The TAC states clearly the actions which plaintiff made to in each circumstance and how she was stymied by the actions of her supervisors based solely upon her disability. TAC ¶¶ 17-22; 30-35.

Additionally, the TAC gives examples of protected activity which plaintiff engaged, particularly her filing of numerous allegedly 'confidential' complaints with the EEO office[3]. Plaintiff has a protected right to make a complaint to the EEO office if she believes that her rights have been violated. However, as stated in the TAC the EEO officer was one of the supervisors who partook in the bad reviews and negative recommendations against her. TAC ¶¶ 17-4.

The TAC establishes the changes from the prior complaint and changes the conclusions that are drawn by the Court. It is clear that plaintiff's complaints are actionable under the Rehabilitation Act as she was discriminated against 'solely' on the bases of her disability. *Williams v. N.Y.C. Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003).

As such, the July 31, 2017 judgment and order should be vacated as there exists pertinent and relevant factual information as contained in the annexed proposed Third Amended

---

[3] During discovery Defendants' counsel argued that statements to EEO are confidential and protected. Defense counsel argued that those statements should not be revealed because the individuals who made them believed they were in confidence.

Complaint that properly reflects the discriminatory acts against plaintiff and the proposed Third Amended Complaint be permitted to be filed.

C.  **The Court Should Grant Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60**

Plaintiff alternatively request relief from judgment pursuant to Fed. R. Civ. P. 60 for mistake, inadvertence or excusable neglect. The United States Supreme Court specifically discussed Fed. R. Civ. P. 60(b) in *Pioneer Inv.Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993), and found that the provision did not require the party seeking relief to demonstrate that he was faultless. The Supreme Court recognized that "mistake/inadvertence" by definition encompasses situations where judgment could have been avoided. *Id*. at 394, 395. As stated, in the TAC there are viable allegations of discriminatory acts that were committed against Plaintiff that were not addressed by here prior counsel through either mistake or inadvertence as there are no other explanation as to why prior counsel's omitted these relevant factual allegations and they were not plead more thoroughly in the previous complaints. As such, plaintiff Salzberg should not be made to suffer as a result of that mistake or inadvertence.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant Plaintiff's motion to alter/amend the July 31, 2017 Order pursuant to FRCP 59(e) and 60(b) and permit the proposed Third Amended Complaint to be filed and for such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          September 18, 2017

Salzberg v. City of NY.

                                      Robert Rambadadt. Esq.
                                      20 W. 20th Street—2nd Floor
                                      New York, New York 10011


                                  By:     s/Robert Rambadadt
                                               Robert Rambadadt (9959)
                                               Attorney for Plaintiff *Priscilla Salzberg*


To:     Shirley Bi
         New York City Law Department
         Attorneys for Defendants
         100 Church Street
         New York, New York 10007