```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
PRISCILLA SALZBERG,                                         :
                                                            :
                          Plaintiff,                        :
                                                            :   DECISION AND ORDER
              - against -                                   :
                                                            :   17 Civ. 2361 (BMC)
CITY OF NEW YORK,                                           :
                                                            :
                          Defendant.                        :
                                                            :
                                                            :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

      This case is before the Court on plaintiff's motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment entered July 31, 2017, granting defendant's motion to dismiss plaintiff's complaint. Alternatively, plaintiff seeks relief by reconsideration under Rule 60. She also seeks permission to file a second amended complaint. Familiarity with this Court's Memorandum Decision and Order entered July 31, 2017 is assumed. Plaintiff's motion is denied for the following reasons.

      First, the Rule 59(e) motion fails because it is untimely. Rule 59(e) permits a party to seek reconsideration of a court's judgment so long as the party files its "motion to alter or amend a judgment ... no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Here, judgment was entered on July 31, 2017, but plaintiff filed her motion seeking relief under Rule 59(e) on August 29, 2017, the day after the 28-day period had expired.

      Although plaintiff admits that her motion was untimely, she argues that she should be excepted from the deadline because her delay was short and was allegedly caused by computer

difficulties beyond her control. These arguments are insufficient. "Pursuant to Federal Rule 6(b)(2), a court may not extend the time to act under Rule 59(e)." Sigmen v. Colvin, No. 13-cv-0268, 2015 WL 5944254, at *3 (E.D.N.Y. Oct. 13, 2015). See Lichtenberg v. Besicorp Grp. Inc., 204 F.3d 397, 401 (2d Cir. 2000) ("This time limitation is uncompromisable"). An untimely motion for relief under Rule 59(e) is "treated as a Rule 60(b) motion." Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010).

Plaintiff's motion does not meet the standard for reconsideration under Federal Rule of Civil Procedure Rule 60(b). Rule 60(b) provides that a party may move to set aside a judgment on grounds of mistake, inadvertence, neglect, newly discovered evidence, fraud, or any other reason justifying the modification of an order or judgment. Fed. R. Civ. P. 60(b). "Rule 60(b) provides extraordinary judicial relief, when the moving party demonstrates exceptional circumstances." Breslow v. Schlesinger, 284 F.R.D. 78, 82 (E.D.N.Y. 2012) (internal quotations omitted). The standard for Rule 60(b) relief is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Webb v. City of New York, No. 08-CV-5145, 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011).

Plaintiff's arguments appear to be two-pronged: first, that she should not be penalized for the shortcomings of her previous counsel; and second, that her second amended complaint will

"properly plead plaintiff's claims and recite the factual background" supporting those claims. Both arguments fail.

First, I do not understand current counsel's attempt to blame prior counsel, as any deficiency is as much the fault of her current counsel. When he substituted in to this action, he was fully aware that there was a motion to dismiss *sub judice*. If he thought the complaint was inadequate, all he had to do was ask me for leave to file a second amended complaint and to defer ruling on the pending motion. As a motion made by incoming counsel, I cannot think of a reason why I would have rejected that request. Instead, new counsel made no mention of it – he just substituted in. Counsel was not permitted to take a "wait and see" attitude and then propose filing a new complaint only if he did not like the ruling on the pending motion. By letting it ride, he adopted his predecessor's pleading.

This case thus falls squarely within the kind of attorney conduct that Rule 60 does not reach. A Rule 60(b) motion is not an opportunity to make new arguments. Plaintiff's failure to have earlier presented a plausible claim for relief does not entitle her to try again at this stage. Likewise, a 60(b) motion is not a vehicle to put new facts in front of the court to which the moving party reasonably had access in time to make a Rule 59 motion. Nothing prevented new counsel from having requested that the Court defer ruling on the pending motion and grant leave to file a second amended complaint.

But even if the problem was that predecessor counsel did not plead a complaint as well as he should have, there are still no grounds for relief. Plaintiff relies on Rule 60(b)(1), contending that "there was a mistake or inadvertence as to why the factual allegations were not plead more thoroughly in the previous complaints." That is not sufficient. "[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief

3

from a judgment." Nemaizer, 793 F.2d at 62. "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." Id. Even an attorney's "gross negligence" does not provide a basis for relief under Rule 60(b)(1).

Most fundamentally, plaintiff's belatedly-filed proposed amended complaint is not much better than the one I dismissed. This is plaintiff's third attempt to state a claim, yet she still simply makes no allegation that plausibly gives rise to an inference that any of her workplace issues with her colleagues had anything to do with discrimination. The proposed amended complaint suffers from the same defect the Court noted in its decision dismissing the Amended Complaint: plaintiff's argument "is no different than the myriad of failed pleadings in the racial or religious discrimination area based on a false syllogism: "(1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)."

For instance, plaintiff alleges that a supervisor wrote an unfavorable report about her after he intervened in a dispute she was having with another employee. Plaintiff claims that the supervisor interpreted her behavior as hostile when in fact she was struggling to "stave off an epileptic episode." Plaintiff, however, does not allege that the supervisor knew of plaintiff's alleged condition, nor does she allege any facts suggesting that the reporting of the incident had anything to do with her alleged impairments. In short, she does not claim that the supervisor discriminated against her.

It gets worse. Plaintiff identifies a host of non-discriminatory reasons explaining the conduct about which she complains, including that she did not get along well with others, failed

4

to provide documentation explaining an absence, argued with a colleague, and argued with a supervisor. These are sufficient grounds to terminate a probationary employee like plaintiff.

Finally, plaintiff is also not entitled to relief under Rule 60(b)(6), which covers reconsideration for "any other reason," and is reserved for "extraordinary circumstances, or extreme hardship . . . . In typical civil proceedings [the Second Circuit] *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct." Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (emphasis in original) (internal quotation and citations omitted). Plaintiff's arguments fall far short of this onerous standard.

Plaintiff's motion [22] is denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
September 27, 2017

5